BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ZOSTAVAX PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. \_\_\_\_ |

**MOTION OF MERCK & CO., INC. AND MERCK SHARP & DOHME CORP.
FOR TRANSFER OF ACTIONS PURSUANT
TO 28 U.S.C. § 1407 FOR COORDINATED PRETRIAL PROCEEDINGS**

**Venable LLP**
Dino S. Sangiamo
dssangiamo@venable.com
Michaela F. Roberts
mfroberts@venable.com
Christopher J. Conoscenti
cjconoscenti@Venable.com
750 East Pratt Street
Suite 900
Baltimore, MD 21202
Tel.: 410-244-7400
Fax: 410-244-7742

*Attorneys for Defendants Merck & Co., Inc. and Merck Sharp & Dohme Corp.*

Pursuant to 28 U.S.C. § 1407 and Judicial Panel on Multidistrict Litigation Rule 6.2, Defendants Merck & Co., Inc. and Merck Sharp & Dohme Corp. (collectively, "Merck") respectfully move to transfer the 57 pending Zostavax product liability cases (the "Subject Actions"), as well as all future such Zostavax cases, for coordinated pretrial proceedings.

As explained more fully in the accompanying memorandum of law, a § 1407 transfer of these actions to either Judge Moody's court in the Middle District of Florida or Judge Bartle's court in the Eastern District of Pennsylvania is appropriate for the following reasons:

1. To date, there are 57 pending product liability actions filed against Merck in nine different federal districts, each presenting common questions of fact concerning Merck's development, manufacturing, marketing, and monitoring of the live, attenuated virus vaccine, Zostavax, which is approved by the FDA for the prevention of herpes zoster (shingles).

2. While there are differences among the complaints, the gravamen of each Subject Action is that the plaintiff suffered an injury due to the varicella-zoster virus contained in Zostavax.

3. The Subject Actions are listed in the attached Schedule of Actions and are pending before 21 different judges. Merck is aware of 7 cases pending in the Eastern District of Pennsylvania, 21 cases pending in the Middle District of Florida, 4 cases pending in the Northern District of Florida, 2 cases pending in the Southern District of Florida, 5 cases pending in the Eastern District of New York, 15 cases pending in the District of New Jersey, 1 case pending in the Eastern District of Wisconsin, 1 case pending in the District of Massachusetts, and 1 case pending in the Western District of Pennsylvania. There are a total of 117 plaintiffs named in these actions.

4.      Centralization is appropriate because it will serve the convenience of the parties and witnesses and will promote the just and efficient conduct of the Subject Actions. The Subject Actions all involve similar products liability claims that arise from Merck's design, testing, development, manufacturing, labeling, and marketing of Zostavax. Moreover, all plaintiffs allege they were injured in the same manner, by the live, attenuated varicella zoster virus contained in the vaccine. Centralization will eliminate duplicative discovery and motions, prevent inconsistent pretrial rulings, and promote judicial efficiency. In particular, centralization will allow the parties to coordinate document discovery and to coordinate depositions of the key witnesses. In addition, centralization will eliminate the risk of conflicting decisions on similar or identical pretrial motions, such as the 21 motions to dismiss currently pending before 13 different federal judges. Centralization will also conserve the resources of the parties, their counsel, and the judiciary by consolidating all activities to a single court.[1]

5.      Judge James Moody's court in the Middle District of Florida and Judge Harvey Bartle III's court in the Eastern District of Pennsylvania are equally appropriate forums for coordination of the Subject Actions. The Middle District of Florida is a sensible location because the largest number of Subject Actions (27) are pending in Florida federal courts, with 20 Subject Actions already pending in the Middle District. In addition, more than 20% of plaintiffs reside in Florida. The first three Florida Subject Actions were filed before any Subject Actions in New Jersey, Wisconsin, New York, Massachusetts, or the Western District of Pennsylvania. The Middle District of Florida has significant experience handling multidistrict litigation involving

---

[1] Based on the preliminary information alleged in plaintiffs' complaints and/or produced to date in discovery, Merck considers the Subject Actions to be appropriate for pretrial coordination. Different factors will apply, different considerations will apply, and additional plaintiff-specific information will be relevant at the trial stage. In filing this petition, Merck maintains its position that multi-plaintiff trials would be inappropriate in these cases.

pharmaceutical products liability actions, and Judge Moody himself presided over *In re: Accutane (Isotretinoin) Products Liability Litigation* (MDL No. 1626).

      6.    The Eastern District of Pennsylvania is also convenient to the parties, as Merck's headquarters and relevant facilities are located nearby in Pennsylvania and New Jersey. In addition, Judge Bartle is familiar with the litigation, as the earliest Subject Action was filed in his Court. These cases have progressed the furthest in discovery, and Judge Bartle has decided multiple substantive motions. Moreover, both the Eastern District of Pennsylvania, and Judge Bartle in particular, have significant experience handling similar multidistrict litigation. Judge Bartle ably oversaw *In Re: Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation* (MDL No. 1203) for spproximately 16 years, which involved thousands of product liability cases. Finally, counsel for both defendants (Merck and McKesson), as well as counsel to plaintiffs in 17 of the Subject Actions, agree that Judge Bartle's court is the most appropriate forum for this consolidated proceeding.

      7.    In the alternative, and for the reasons contained in the accompanying memorandum of law, Merck requests that the Subject Actions be transferred to Judge Bianco in the Eastern District of New York, who is presiding over the largest number of plaintiffs in the Subject Actions.

WHEREFORE, Merck respectfully requests that the Panel centralize the actions set forth in the Schedule of Actions filed herewith, as well as any tag-along actions or other cases that may subsequently be filed asserting related or similar claims, and transfer them for pretrial proceedings to either the United State District Court for the Middle District of Florida before the Honorable James Moody or the United States District Court for the Eastern District of Pennsylvania before the Honorable Harvey Bartle III.

Dated: April 20, 2018

Respectfully submitted,

**VENABLE LLP**

/s/ Michaela F. Roberts
Michaela F. Roberts
Dino S. Sangiamo
Christopher J. Conoscenti
750 East Pratt Street, Suite 900
Baltimore, MD 21202
Tel.: 410-244-7400
Fax: 410-244-7742
mfroberts@venable.com

*Attorneys for Defendants Merck & Co., Inc. and Merck Sharp & Dohme Corp.*