UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: ZOSTAVAX (ZOSTER VACCINE LIVE)
PRODUCTS LIABILITY LITIGATION                                    MDL No. 2848


**TRANSFER ORDER**


    **Before the Panel**:[*]   Defendants Merck & Co., Inc., and Merck Sharpe & Dohme Corp. (together, Merck) move under 28 U.S.C. § 1407 to centralize this litigation in the Eastern District of Pennsylvania or, alternatively, the Middle District of Florida or the Eastern District of New York. McKesson Corporation, a co-defendant in 30 actions, supports the motion. This litigation currently consists of 57 actions pending in nine districts, as listed on Schedule A. Since the filing of the motion, the Panel has been notified of 41 related federal actions.[1]

    Plaintiffs in 15 actions on the motion and two potential tag-along actions, represented by three firms, support centralization, but disagree on the appropriate transferee district, variously proposing the Eastern District of Pennsylvania, the Middle District of Florida, the District of New Jersey, the Eastern District of Wisconsin, and the District of New Mexico, as their preferred or alternative choice. Plaintiffs in 30 actions on the motion and nine potential tag-along actions represented by a fourth firm oppose centralization and, alternatively, request the Middle District of Florida or, alternatively, the Eastern District of Wisconsin.

    On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions involve common factual questions arising out of allegations that Zostavax, a live vaccine for the prevention of shingles, caused plaintiffs to develop shingles or other injuries triggered by exposure to the live, attenuated varicella zoster virus contained in the vaccine,[2] and that defendants did not provide sufficient warning of the risks to healthcare providers or consumers. Issues concerning the design, testing, manufacture, regulatory approval, labeling, and marketing of Zostavax are common to all actions. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings on

---

    [*] Judge Lewis A. Kaplan took no part in the decision of this matter.

    [1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

    [2] The alleged injuries include herpes encephalitis, optical nerve damage, kidney and liver damage, Bell's palsy, Guillain Barre Syndrome, and other viral related illnesses and injuries.

*Daubert* issues and other pretrial matters; and conserve the resources of the parties, their counsel and the judiciary.

The plaintiffs opposing centralization principally argue that (1) common factual issues do not predominate, emphasizing differences in the alleged injuries and plaintiffs' medical histories; (2) voluntary coordination is preferable to centralization; and (3) procedural disparities among the actions should preclude centralization. These arguments are unconvincing. First, differences in the plaintiffs' individual injuries and medical histories are not an obstacle to centralization when, as here, the actions share a common factual core. *See, e.g., In re: Cook Med., Inc., IVC Filters Mktg., Sales Practices & Prods. Liab. Litig.*, 53 F. Supp. 3d 1379, 1381 (J.P.M.L. 2014) ("The Panel has rejected the argument that products liability actions must allege identical injuries to warrant centralization."). In this litigation, all plaintiffs allege they were injured by the same product in the same manner – exposure to the live attenuated virus in Zostavax – indicating common factual issues will arise concerning the potential risks associated with the use of the live virus in the vaccine.[3]

We find that voluntary coordination is not a practicable alternative to centralization given the number of actions, districts, and plaintiffs' and defense counsel. There are presently a total of 98 actions pending in nine districts, and there have been widely varying discovery deadlines and duplicative motions to dismiss. Five distinct slates of plaintiffs' counsel represent plaintiffs. Moreover, the parties unanimously agree that there is a strong likelihood of additional federal actions and report a large number of state court actions.[4] We find that, on this record, informal coordination is not an efficient alternative to centralization.

Additionally, the actions are in a procedural posture that will enable them to realize significant benefits from centralized pretrial proceedings, even though there are some differences among them in the progress of discovery and pretrial motions. Fact discovery remains open in all actions, and expert discovery has not commenced in any action. No party disputes Merck's representation that no depositions of its employees have taken place in any of these actions. While motions to dismiss have been decided in about eight actions, substantial pretrial proceedings remain. In these circumstances, centralization likely will produce considerable discovery efficiencies and prevent inconsistent rulings.

---

[3] The opposing plaintiffs also argue that plaintiff-specific causation issues are central to each action and best managed outside of an MDL. As we previously have held, "[a]lmost all personal injury litigation involves questions of causation that are plaintiff-specific. Those differences are not an impediment to centralization when common questions of fact are multiple and complex." *See, e.g., In re: Fluoroquinolone Prods. Liab. Litig.*, 122 F. Supp. 3d 1378, 1379 (J.P.M.L. 2015).

[4] The record indicates that there are at least 12 Zostavax actions involving over 300 plaintiffs in California state court, and 50 Zostavax actions involving over 800 plaintiffs in New Jersey state court. The California state court actions have been consolidated for pretrial proceedings, and two petitions for coordination of the New Jersey state court actions are pending.

-3-

The opposing plaintiffs further argue that an MDL will delay resolution of their actions and thus cause prejudice to plaintiffs, most of whom are elderly. We are sympathetic to their concerns about the potential for delay. But centralization is appropriate if it furthers the expeditious resolution of the litigation taken as a whole, even if some parties might experience inconvenience or delay. *See, e.g., In re: Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012). We also observe that their concerns are speculative. Other responding plaintiffs, as well as defendants, represent that centralization will ensure that the actions move forward efficiently and quickly.[5]

We conclude that the Eastern District of Pennsylvania is an appropriate transferee district for this litigation. Seven actions are pending in this district, and they are the earliest filed and most advanced actions in this litigation. The record indicates that the Merck facilities involved in the development, manufacturing, labeling, and marketing of Zostavax are located in Pennsylvania and nearby at its New Jersey headquarters. Thus, many of the common documents and witnesses likely will be located in this area. Common defendants Merck and McKesson request this district, as do plaintiffs in over a dozen actions. Judge Harvey Bartle III presides over all related actions in this district, and is familiar with the claims and issues. He is an experienced transferee judge with the willingness and ability to manage this litigation. We are confident he will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Eastern District of Pennsylvania are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Harvey Bartle III for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*
Sarah S. Vance
Chair

| Marjorie O. Rendell | Charles A. Breyer |
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | |

---

[5] *See, e.g.,* Pls.' Response, Doc. No. 34, at 7 (J.P.M.L. May 14, 2018).

IN RE: ZOSTAVAX (ZOSTER VACCINE LIVE)
PRODUCTS LIABILITY LITIGATION                              MDL No. 2848

**SCHEDULE A**

    Middle District of Florida

BELL v. MERCK & CO., INC., ET AL., C.A. No. 3:17-01320
MCRAE v. MERCK & CO., INC., C.A. No. 3:18-00483
ERICKSON v. MERCK & CO., INC., ET AL., C.A. No. 5:17-0562
PILLITTERI v. MERCK & CO., INC., ET AL., C.A. No. 5:18-0037
BLANCHARD v. MERCK & CO., INC., ET AL., C.A. No. 5:18-00038
JONES, ET AL. v. MERCK & CO., INC., ET AL., C.A. No. 5:18-00144
ERICKSON, ET AL. v. MERCK & CO., INC., ET AL., C.A. No. 6:17-01672
SMITH v. MERCK & CO., INC., ET AL., C.A. No. 6:18-00043
PATTERSON v. MERCK & CO., INC., ET AL., C.A. No. 6:18-00092
ALFORD v. MERCK & CO., INC., ET AL., C.A. No. 6:18-00093
GRENIER v. MERCK & CO., INC., ET AL., C.A. No. 6:18-00407
MELENDEZ v. MERCK & CO., INC., ET AL., C.A. No. 6:18-00408
KELLY v. MERCK & CO., INC., ET AL., C.A. No. 6:18-00604
MALBERG v. MERCK & CO., INC., ET AL., C.A. No. 8:18-00034
BENCIVENGA v. MERCK & CO., INC., ET AL., C.A. No. 8:18-00156
BOWMAN, ET AL. v. MERCK & CO., INC., ET AL., C.A. No. 8:18-00434
STEPHENS v. MERCK & CO., INC., ET AL., C.A. No. 8:18-00512
DEKER v. MERCK & CO., INC., ET AL., C.A. No. 8:18-00650
DOLAN v. MERCK & CO., INC., ET AL., C.A. No. 8:18-00651
MELUCCI v. MERCK & CO., INC., ET AL., C.A. No. 8:18-00695
BOCKUS v. MERCK & CO., INC., ET AL., C.A. No. 8:18-00715

    Northern District of Florida

HIRAM v. MERCK & CO., INC., ET AL., C.A. No. 1:18-00051
ADAMS v. MERCK & CO., INC., ET AL., C.A. No. 4:18-00155
SHEPPARD, ET AL. v. MERCK & CO., INC., ET AL., C.A. No. 4:18-00200
GREEN v. MERCK & CO., INC., ET AL., C.A. No. 5:18-00007

    Southern District of Florida

ENDRESEN-WORTHY v. MERCK & CO., INC., ET AL., C.A. No. 2:18-14095
SOROKO v. MERCK & CO., INC., ET AL., C.A. No. 9:18-80021

- A2 -

District of Massachusetts

VERGE v. MERCK & CO., INC., ET AL., C.A. No. 3:18-30036

District of New Jersey

GASPI v. MERCK & CO., INC., ET AL., C.A. No. 2:17-12849
SMART, ET AL. v. MERCK & CO., INC., ET AL., C.A. No. 2:17-12853
KIRK v. MERCK & CO., INC., ET AL., C.A. No. 2:17-13689
GRACE, ET AL. v. MERCK & CO., INC., ET AL., C.A. No. 2:18-01844
WARD, ET AL. v. MERCK & CO.,INC., ET AL., C.A. No. 2:18-03811
GASPARD v. MERCK & CO., INC., ET AL., C.A. No. 3:17-11483
SYKES, ET AL. v. MERCK & CO., INC., ET AL., C.A. No. 3:17-11657
SEIGMAN v. MERCK & CO., INC., ET AL., C.A. No. 3:17-12210
PINKSTAFF, ET AL. v. MERCK & CO., INC., ET AL., C.A. No. 3:17-12212
FARRINGTON v. MERCK & CO., INC., ET AL., C.A. No. 3:17-13496
TEMPLET, ET AL. v. MERCK & CO, INC., ET AL., C.A. No. 3:18-00457
WAGGONER, ET AL. v. MERCK & CO., INC., ET AL., C.A. No. 3:18-00987
BROWN, ET AL. v. MERCK & CO., INC., ET AL., C.A. No. 3:18-02460
CASSIDY, ET AL. v. MERCK & CO., INC., ET AL., C.A. No. 3:18-02527
GEISHEKER v. MERCK & CO., INC., ET AL., C.A. No. 3:18-02544


Eastern District of New York

BRAVO, ET AL. v. MERCK & CO., INC., ET AL., C.A. No. 1:18-00687
BRUMFIELD, ET AL. v. MERCK & CO., INC., ET AL., C.A. No. 2:17-06526
ZACCANELLI, ET AL. v. MERCK & CO., INC., ET AL., C.A. No. 2:17-07106
ALBISANO, ET AL. v. MERCK & CO., INC., ET AL., C.A. No. 2:18-00365
CLARK, ET AL. v. MERCK & CO., INC., ET AL., C.A. No. 2:18-01592

Eastern District of Pennsylvania

DOTTER, ET AL. v. MERCK & CO., INC., ET AL., C.A. No. 2:16-04686
ESTATE OF CARMEN RODRIGUEZ v. MERCK & CO., INC., ET AL.,
    C.A. No. 2:17-00485
BILLECI, ET AL. v. MERCK & CO., INC., ET AL., C.A. No. 2:17-00486
BENTLEY v. MERCK & CO., INC., ET AL., C.A. No. 2:17-01122
DOHERTY, ET AL. v. MERCK & CO., INC., ET AL., C.A. No. 2:17-01415
MOLOUKI v. MERCK & CO., INC., ET AL., C.A. No. 2:17-01983
ELMEGREEN v. MERCK & CO., INC., ET AL., C.A. No. 2:17-02044

- A3 -

Western District of Pennsylvania

LEE v. MERCK & CO., INC., ET AL., C.A. No. 2:18-00419

Eastern District of Wisconsin

EVERTS, ET AL. v. MERCK & CO., INC., ET AL., C.A. No. 2:18-00020